UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────

**CRAIG L. STINGLEY,**

    Plaintiff,

    v.                                                                  Case No. 21-CV-1360-SCD

**GLENN YAMAHIRO,**
**JEFFREY CONEN,**
**HANNAH DUGAN,**
**DAVID PLINER,**
**JOHN HEALY,** and
**VISION WORKS,**

    Defendants.

───────────────────────────────────────────

REPORT AND RECOMMENDATION
TO DISMISS ACTION UNDER 28 U.S.C. § 1915

───────────────────────────────────────────

    Craig L. Stingley is going blind, and he believes his optometrists are to blame. When he requested medical records to support a potential medical-malpractice claim, the optometrist's office provided only two records, claiming the others had been lost in a flood. A year later, the optometrist turned over the purportedly lost records during Stingley's state-court action against the company. The state court nevertheless dismissed Stingley's claims related to the earliest records and one of his doctors, finding them time-barred.

    Unhappy with those state-court rulings, Stingley filed suit in federal court against the state-court judges, his optometrist's office, and the optometrist's state-court lawyers. The clerk of court randomly assigned the matter to me. Stingley requests to proceed in this action without paying the court's filing fee. However, because the complaint fails to state a claim

upon which relief may be granted, I will recommend that it be dismissed, along with this entire action.

## REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

### I. Ability to Pay - § 1915(a)

Stingley is employed, earning $1,830.00 per month. *See* ECF No. 3 at 2. He owns two older vehicles and has $475.00 in savings, but he does not have any other assets. *Id.* at 3–4. His total monthly expenses are $1,442.00. *Id.* at 2–3. Based on this information, I find that Stingley is unable to pay the fees and costs of commencing this action.

### II. Legal Sufficiency - § 1915(e)(2)

The second step of the inquiry requires me to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Weinschenk v. CIA*, 818 F. App'x 557, 557 (7th Cir. 2020) (citing *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016)).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, I must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Stingley's complaint

Stingley, like many of us, wears glasses. *See* ECF No. 1 at 11. For years, he received his eye-care treatment and prescriptions at Vision Works, an optical retailer and optometrist located in West Allis, Wisconsin. *Id.* at 10–11. In April 2016, after his vision rapidly deteriorated—he is now nearly blind in his left eye and is losing vision in his right—he asked Vision Works for copies of his medical records, believing that maybe their treatment was subpar. *Id.* at 11. Vision Works turned over only two records: eye glass prescriptions dated January 2009 and January 2014, both signed by Dr. John Laczkowski. According to Vision Works, all other exam records had been lost in a flood.

In April 2017, Stingley filed a medical-malpractice action in Milwaukee County Circuit Court against Vision Works, its subsidiary and parent companies, and Dr. Laczkowski; he is not happy with how that lawsuit has played out. The crux of Stingley's state-court complaint is that Vision Works fraudulently concealed and withheld his vision exam medical records in violation of state and federal law and that this obstruction hindered investigation and prosecution of a negligence action against the company. *Id.* at 10. The matter initially was assigned to Hon. Glenn Yamahiro. *Id.* at 11. In May 2017, the defendants filed their answer to the lawsuit, as well as certified copies of Stingley's exam records from 2009, 2011, and 2012, and 2014, a few of which were signed by a Dr. William Vincent, not Dr. Laczkowski. Stingley believed that the defendants' disclosure of records it previously claimed had been lost proved his fraudulent-concealment claim. The state-court judges, however, did not see it that way. The following month, Judge Yamahiro dismissed Stingley's claims related to the January 2009 and January 2011 exam records, finding them outside the statute of limitations and too attenuated from Stingley's other claims to establish a continuum of negligent care. *Id.* at 11, 14–15.

At some point the matter was transferred to Hon. Jeffrey Conen, and Stingley added Dr. Vincent to the suit. *See id.* at 10. Judge Conen eventually dismissed Dr. Vincent as a defendant, finding the claims related to him to be time-barred. *Id.* at 7, 10, 13–14. In dismissing claims against Dr. Vincent, Judge Conen determined in June 2019 that the defendants had not concealed any exam records. *See id.* at 12–14. According to Judge Conen, it didn't matter whether the exam records were lost in a flood in 2010 or destroyed in 2014 because Stingley didn't ask for them until 2016—that is, beyond either limitations period. It's unclear what has happened in Stingley's state-court action since then.

4

Case 2:21-cv-01360-JPS   Filed 01/10/22   Page 4 of 9   Document 8

Proceeding without the assistance of counsel, on November 24, 2021, Stingley filed a federal complaint against six defendants: state-court judges Yamahiro, Conen, and Hannah Dugan; Vision Works; and Vision Works' attorneys, David Pliner and John Healy. *See* ECF No. 1. The crux of Stingley's federal complaint appears to be that the defendants have conspired together to misrepresent the facts related to his vision exam records, resulting in two void "judgments": one being the dismissal of his claims related to the 2009 and 2011 records, and the other being the dismissal of Dr. Vincent as a state-court defendant. *See id.* at 1–17. Specifically, according to Stingley, the defendants continue to deny that Vision Works concealed certain exam records even though the company produced the records it had previously "claimed" were lost. Stingley alleges that this misrepresentation has perpetrated a fraud on the court, resulted in the erroneous dismissal of meritorious claims, and deprived him of his constitutional rights. He seeks a permanent injunction, relief from void state-court judgments, an order declaring unconstitutional Wisconsin's non-economic damages cap, damages, and fees. *Id.* at 19.

B.  **Analysis**

There are several problems with Stingley's federal complaint. First, the complaint does not contain allegations sufficient to support a claim against several of the named defendants. For example, the only allegation in the complaint pertaining to Judge Dugan is that she "has tainted the judicial machinery process, as a trespasser, perpetuating fraud upon the court . . . in a concerted effort to eliminate [Stingley's state-court case] from the Circuit Court docket record." ECF No. 1 at 18. But it's unclear how Judge Dugan fits into the alleged fraudulent scheme, as the last we heard the case was referred to Judge Conen. Likewise, Stingley names two of Vision Works' attorneys as defendants, claiming that they have perpetuated the fraud

5

by fraudulently concealing and deliberately withholding his vision exam records *Id.* at 10. But elsewhere in the complaint Stingley alleges that it was Vision Works' attorneys who disclosed the allegedly concealed records when they answered Stingley's state-court complaint. And Stingley alleges that it was a Vision Works associate—not the company's attorneys—who initially claimed that the records had been lost or destroyed. In other words, Stingley's own allegations demonstrate that the attorneys were part of the disclosure the vision exam records, not their concealment.

Second, the judges named in the complaint are immune from Stingley's claims. "Judges are immune from lawsuits seeking monetary damages, and that immunity extends even to acts made in bad faith or with malice." *Johnson v. McCuskey*, 72 F. App'x 475, 476 (7th Cir. 2003) (citations omitted). "Although judicial immunity is broad, it is not limitless. A judge does not enjoy immunity if he or she is acting in the 'clear absence of all jurisdiction,' rather than simply in 'excess of [the judge's] authority.'" *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 360–62 (1978)). "A judge is also amenable to suit for nonjudicial acts." *Kowalski*, 893 F.3d at 997 (citing *Stump*, 435 U.S. at 360–62). Neither exception applies here. Stingley does not allege that the state-court judges lacked subject-matter jurisdiction over his medical-malpractice action. Moreover, Stingley takes issue with the judges' judicial decisions—Judge Yamahiro's dismissal of Stingley's claims related to the 2009 and 2011 vision exam records, and Judge Conen's dismissal of Dr. Vincent (in which he found no fraudulent concealment). He does not allege that either judge engaged in a non-judicial act. Accordingly, both judges are immune from Stingley's federal suit to the extent it seeks monetary damages.

Third, I must abstain from adjudicating this lawsuit to the extent Stingley seeks injunctive relief. Stingley essentially asks me to enter an order reversing certain state-court rulings he disagrees with and directing the state court how to conduct its ongoing proceedings. That relief, however, "runs contrary to the principles of equity, comity, and federalism underlying [the Seventh Circuit's] abstention doctrine." *Krueger v. Kaul*, 805 F. App'x 411, 413 (7th Cir. 2020) (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1065–66 (7th Cir. 2018)). Although "[t]his matter does not fit neatly into the scenarios under which it is appropriate to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)," it does "seek[] a level of intrusion by a federal court into the state court's operations that is 'simply too high,' at least before the state courts have had a chance to consider the issue." *Krueger*, 805 F. App'x at 413 (citing *Courthouse News*, 908 F.3d at 1074); *see also J.B. v. Woodard*, 997 F.3d 714, 721–22 (7th Cir. 2021) ("Under established abstention doctrines, however, a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them.") (quoting *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)). Stingley's medical-malpractice action remains pending in state court, and he can pursue the relief he seeks here prior to trial or on appeal. Accordingly, I must abstain from exercising jurisdiction over Stingley's claim for injunctive relief.

That leaves Stingley's claim for monetary damages against Vision Works. Stingley alleges that Vision Works fraudulently concealed or withheld vision exam records that he requested to support a potential malpractice action against his optometrists. Those allegations, however, do not support a plausible claim for relief in federal court. The complaint does not allege that Vision Works, a private corporation, engaged in state action such that the company

could be liable for violating Stingley's constitutional rights. *See, e.g.*, *Meadows v. United States*, 963 F.3d 240, 243 (2d Cir. 2020) (affirming dismissal of *pro se* complaint for failure to allege state action). Likewise, the Health Insurance Portability and Accountability Act (HIPAA) "confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). I am unable to discern any other federal claim arising from Stingley's allegations against Vision Works. Accordingly, that claim fails as well.

## CONCLUSION

For all the foregoing reasons, I find that the requirements of § 1915(e)(2)(B) are not satisfied. Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court shall randomly assign this matter to a district judge for consideration of the following recommendations: (1) that this action be dismissed according to 28 U.S.C. § 1915; (2) that Stingley's motion for injunctive relief be denied; (3) that his request for leave to proceed without prepaying the filing fee be denied as moot; and (4) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 10th day of January, 2022.

_____
STEPHEN C. DRIES
United States Magistrate Judge