# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRAIG L. STINGLEY,<br><br>                  Plaintiff,<br><br>v.<br><br>GLENN YAMAHIRO, JEFFREY CONEN, HANNAH DUGAN, DAVID PLINER, JOHN HEALY, and VISION WORKS,<br><br>                  Defendants. | Case No. 21-CV-1360-JPS<br><br>**ORDER** |

        On November 24, 2021, Plaintiff Craig L. Stingley ("Plaintiff") filed a pro se complaint alleging fraud in connection with a state-court case. (Docket #1, #8 at 1). Plaintiff also filed a motion for permanent injunction and a motion for leave to proceed *in forma pauperis*. (Docket #2, #3). The case was randomly assigned to Magistrate Judge Stephen C. Dries, who denied Plaintiff's motion to proceed *in forma pauperis* and recommended, via a Report and Recommendation (the "R&R"), dismissal of the action for failure to state a claim. (Docket #8). Plaintiff timely objected to the R&R on the grounds that Magistrate Judge Dries disregarded his fraud-on-the-court claims, which, Plaintiff argues, resulted in the state court decisions that Plaintiff challenges. (Docket #11 at 4–5).

**1.**    **LEGAL STANDARD**

        Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation.

*Id.* The Court must review *de novo* any portion of the magistrate's recommendation to which Plaintiff properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). However, the Court has considered Magistrate Judge Dries's recommendation and will adopt it in full for the reasons stated below.

2. **RELEVANT ALLEGATIONS**

The Court adopts the allegations embodied in the R&R. (Docket #8 at 3–5). In brief, Plaintiff, who is going blind, filed a medical malpractice case against his vision-care providers in Wisconsin state court. Before Plaintiff initiated the lawsuit, his vision-care providers told him that most of his medical records had been lost in a flood. However, during discovery for the lawsuit, the vision-care providers produced the records. Instead of viewing this as a fortunate turn of events, Plaintiff contends that it is an indication that the defendants have conspired against him to keep him from pursuing his claims.

As it happened, the state court determined that some of Plaintiff's claims were time-barred. This prompted Plaintiff's federal lawsuit, which arises against Judges Glenn Yamahiro, Jeffrey Conen, and Hannah Dugan (the "Judicial Defendants"), as well as attorneys for Vision Works, David Pliner and John Healy, and the company Vision Works (the "Vision Works Defendants"). As to Plaintiff's contention that Magistrate Judge Dries failed to consider his fraud on the court claims, the R&R notes:

> The crux of [Plaintiff's] federal complaint appears to be that the defendants have conspired together to misrepresent the facts related to his vision exam records, resulting in two void "judgments": one being the dismissal of his claims related to the 2009 and 2011 records, and the other being the dismissal of Dr. Vincent as a state-court defendant . . . Specifically, according to [Plaintiff], the defendants continue to deny that

> Vision Works concealed certain exam records even though the company produced the records it had previously "claimed" were lost. [Plaintiff] alleges that this misrepresentation has perpetuated a fraud on the court, resulted in the erroneous dismissal of meritorious claims, and deprived him of his constitutional rights.

(Docket #8 at 5).

### 3. ANALYSIS

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). While a court cannot dismiss a claim simply because it finds the allegations "unlikely," it is well within its authority to dismiss claims that are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (internal citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Magistrate Judge Dries's recommendation of dismissal is appropriate for a variety of reasons. First, no defendant is a viable party for a suit regarding constitutional rights violations. The Judicial Defendants may not be monetarily liable for actions taken in a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). Additionally, none of the Vision Works Defendants acted under color of law such that constitutional liability could attach for their actions. *See* 42 U.S.C. § 1983.

Second, to the extent Plaintiff seeks to challenge the state court decisions, Magistrate Judge Dries is correct that such action from the federal

court would not be appropriate. (Docket #8 at 7). If Plaintiff is discontent with a state judge's decision, he may appeal it to the state court of appeals. A court does not commit "fraud on the court" when it reaches a conclusion with which one party disagrees, or even when it reaches a conclusion that may, ultimately, be incorrect.

Finally, the facts that purport to give rise to Plaintiff's fraud claim strain logic. If the Vision Works Defendants were trying to keep the medical records from Plaintiff, why would they turn them over in discovery? And if the Judicial Defendants were trying to prevent Plaintiff from litigating his claims, why only dismiss the claims grounded in facts from 2009 and 2011? (It appears that some of Plaintiff's claims were permitted to proceed.) For all these reasons, the Court must adopt Magistrate Judge Dries's R&R and dismiss the case.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Stephen C. Dries's report and recommendation (Docket #11) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries's report and recommendation (Docket #8) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for permanent injunction (Docket #2) and motion for leave to proceed without prepayment of the filing fee (Docket #3) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge