# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CRAIG L. STINGLEY,

                Plaintiff,

v.

GLENN YAMAHIRO, JEFFREY CONEN, HANNAH DUGAN, DAVID PLINER, JOHN HEALY, and VISION WORKS,

                Defendants.

Case No. 21-CV-1360-JPS
7th Circuit Case No. 22-1207

**ORDER**

        On February 1, 2022, the Court adopted Magistrate Judge Stephen C. Dries's Report and Recommendation in full and dismissed this case at screening. (Docket #12 and #13). On February 9, 2022, Plaintiff filed a notice of appeal, (Docket #15), and later, a motion for leave to proceed *in forma pauperis* on appeal, (Docket #20). For the reasons stated below, the Court will deny that motion. Plaintiff also filed a proposed amended complaint reiterating his fraud on the court claims, adding Judge Stadtmueller and Magistrate Judge Dries as defendants, and moving for a permanent injunction, (Docket #22), which the Court will deny as moot.

        Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff makes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of

an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

The Court finds that Plaintiff's appeal is not taken in good faith. The Court issued a reasoned decision in which it evaluated the viability of Plaintiff's claims and explained why they must be dismissed. *See generally* (Docket #12). Neither Plaintiff's notice of appeal, nor his motion for leave to proceed *in forma pauperis*, offers any credible reason why he believes that decision is erroneous, much less a reason that has some appreciable merit. *See* (Docket #15 and #20) (reiterating specious fraud-on-the-court claims). The Court will not second-guess its decision on Plaintiff's behalf. To the extent that Plaintiff believes Defendants wrongfully withheld helpful documents in discovery, his recourse is with the state court of appeals if the trial court rendered a decision with which he disagrees. *See Schwartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) (holding that an injury effectuated by a state court's orders was "inextricably intertwined with state court judgments.").[1]

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding

---

[1] Plaintiff's original complaint and amended complaint each contain allegations that the vision-care providers violated regulations implementing the Health Insurance Portability and Accountability Act ("HIPAA") by failing to provide him with his vision records within 30 days. *See* 45 C.F.R. § 154.524(b)(2)(i). HIPAA does not create a private right of action. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). However, in certain circumstances, a plaintiff may sue under state law for violations of HIPAA's regulations. *See Merryfield v. Kan. Soc. & Rehab. Servs.*, 236 P.3d 528, 534 (Kan. App. 2010); *Montanez v. 178 Lowell St. Op. Co., LLC*, 129 N.E.3d 885, 889 (Mass. App. 2019). Plaintiff has not clearly pled such a claim, and, in any case, the Court declines to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3).

proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee unless the Court of Appeals gives him permission to do so. Plaintiff has 30 days from the date of this Order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues that he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this Order, in addition to the notice of appeal that he previously filed. If Plaintiff does not request review of this Order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #20) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's second proposed amended complaint and motion for permanent injunction (Docket #22) be and the same are hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge